IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| In the Matter | ) | Civil No. 22-00431 JAO-KJM |
| | ) | |
| of | ) | FINDINGS AND |
| | ) | RECOMMENDATION TO GRANT |
| The Complaint of Kona Honu Divers, | ) | LIMITATION PLAINTIFF'S |
| Inc., as owner of HONU ONE, O.N. | ) | MOTION FOR ENTRY OF |
| 1122486, her engines, tackle, | ) | DEFAULT AND DEFAULT |
| appurtenances, etc., for exoneration from | ) | JUDGMENT AGAINST ALL |
| or limitation of liability. | ) | CLAIMANTS WHO HAVE NOT |
| | ) | FILED A CLAIM AND ANSWER |
| _____ | ) | |

FINDINGS AND RECOMMENDATION TO GRANT
LIMITATION PLAINTIFF'S MOTION FOR ENTRY OF
DEFAULT AND DEFAULT JUDGMENT AGAINST ALL
CLAIMANTS WHO HAVE NOT FILED A CLAIM AND ANSWER

On February 21, 2023, Limitation Plaintiff Kona Honu Divers, Inc.

("Limitation Plaintiff"), filed a Motion for Entry of Default and Default Judgment

Against All Claimants Who Have Not Filed a Claim and Answer ("Motion").  ECF

No. 19.  The Court received no oppositions or responses to the Motion.  Limitation

Plaintiff elected not to file a reply.

The Court held a hearing on the Motion on April 13, 2023.  No counsel or

parties appeared.  After carefully considering the Motion, applicable law, and the

record in this case, the Court FINDS AND RECOMMENDS that the district court

GRANT the Motion.

BACKGROUND

This is a limitation action that concerns the fatal incident on February 23, 2022, involving Larry Bullock ("Bullock").  At the time of the incident, Bullock was a passenger aboard the vessel HONU ONE, O.N. 1122486 (the "Vessel"). Bullock and his grandson were aboard the Vessel for a night of scuba diving off the coast of Hawaii Island.

During the first dive of the night, Bullock "ran into trouble" and lost consciousness after reaching the surface.  ECF No 19-1 at 1–2.  Bullock was taken back to the Vessel, where he received CPR and external defibrillation.  The Vessel returned to the harbor, and paramedics took Bullock to the hospital, where he died.

I.    Limitation Plaintiff Received a Letter from an Attorney Representing Bullock's Son

On April 1, 2022, Limitation Plaintiff received a letter from a San Diego attorney, Jack P. Branscome, Esq.  The letter indicated that Bullock's son, Jean-Michael Bullock ("JM Bullock"), had retained Mr. Branscome and his firm to represent JM Bullock with respect to any and all damages and claims arising out of Bullock's death.  ECF No. 19-5.  The letter also identifies Bullock as the firm's client in the "Re:" line.  *Id.*  This letter stated:  "Please consider this letter notice of our representation and a demand for the preservation of evidence in relation to this matter.  Please direct all future correspondence to this office."  ECF No. 19-5 at 1.

II.    Limitation Plaintiff Filed the Instant Limitation Action, and the Clerk of Court Issued a Notice to Claimants

On September 30, 2022, Limitation Plaintiff filed a Complaint for Exoneration from or Limitation of Liability ("Limitation Complaint").  ECF No. 1. On October 20, 2022, this Court issued an Order Directing Issuance of Notice, Publication Thereof and Restraining Order ("10/20/2022 Order").  ECF No. 11. That same day, pursuant to the 10/20/2022 Order, the Clerk of Court issued a Notice to Claimants.  ECF No. 12.

The Notice to Claimants admonished potential claimants the deadline by which to file a claim and answer the Limitation Complaint:

> [A]ll persons claiming damages for any and all losses, injuries, and damages occasioned or incurred by, or in any way consequent to the aforesaid incident as described in the [Limitation] Complaint, or by reason of any matters arising out of the February 23, 2022 voyage in which the said Vessel was then engaged, [must] file their respective claims and answer to the [Limitation] Complaint on/before December 31, 2022[.]

ECF No. 12 at 2.  Pursuant to the 10/20/2022 Order, Limitation Plaintiff published the Notice to Claimants in the Honolulu Star-Advertiser on November 9, November 16, November 23, and November 30, 2022.  ECF No. 16.

In addition, Limitation Plaintiff's counsel, Michael J. Nakano, Esq., attempted to mail copies of the Notice to Claimants to JM Bullock and Bullock's grandson, Kekoa Cantwell ("Cantwell").

3

A.    JM Bullock

On November 14, 2022, Mr. Nakano mailed the Notice to Claimants to Mr. Branscome, for which Mr. Nakano received a return receipt.  ECF No. 19-6.  On November 17, 2022, Mr. Nakano received an email from a legal assistant with Mr. Branscome's law firm, confirming receipt of the Notice to Claimants but indicating that the law firm no longer represented JM Bullock.  ECF No. 19-10.  This email instructed Mr. Nakano to direct all future correspondence to Jeffre Juliano, Esq., a Hawaii attorney at O'Connor Playdon Guben & Inouye ("OPGI Firm").  *Id.*  Later that same day, Mr. Nakano sent the Notice to Claimants to Mr. Juliano via email and certified mail, return receipt requested.  ECF Nos. 19-11, 19-12.

On November 18, 2022, Mr. Nakano received a call from Mr. Juliano's partner at the OPGI Firm, Dennis O'Connor, Jr.  ECF No. 19-4 at ¶ 12.  Mr. O'Connor confirmed Mr. Juliano's receipt of the November 17, 2022 email with the Notice to Claimants.  *Id.*  Mr. O'Connor indicated that the OPGI Firm was considering representing JM Bullock but had not been officially retained.  *Id.* at ¶ 13.

Approximately one month later, on December 21, 2022, Mr. O'Connor emailed Mr. Nakano again confirming receipt of the Notice to Claimants but stating that the OPGI Firm did not represent JM Bullock.  ECF No. 19-13.  Mr. O'Connor also stated that "service of the limitation of liability cannot be

4

effectuated through this office." *Id.*  The next day, December 22, 2022, Mr. Nakano responded to Mr. O'Connor's email, asking (1) whether anyone is representing JM Bullock, and (2) if not, whether Mr. O'Connor could provide contact information for JM Bullock.  ECF No. 19-14.  Mr. Nakano did not receive a response from Mr. O'Connor.  ECF No. 19-4 at ¶ 16.

       B.    Cantwell

On November 8, 2022, Mr. Nakano emailed a copy of the Notice to Claimants to Cantwell.  ECF No. 19-8.  Mr. Nakano used the email address Cantwell provided when Cantwell made the scuba reservation online with Limitation Plaintiff.  *See* ECF No. 19-9.  The online reservation did not include a mailing address.  *Id.*  In the email, Mr. Nakano asked Cantwell to provide an address to which Limitation Plaintiff could mail the Notice to Claimants.  *Id.*  On November 10, 2022, Mr. Nakano called Cantwell at the number provided in the scuba reservation and left a voicemail requesting Cantwell's address.  ECF No. 19-4 at ¶ 8.  Cantwell did not respond to Mr. Nakano's November 8, 2022 email or November 10, 2022 voicemail.  *Id.* at ¶¶ 7–8.

On November 14, 2022, Mr. Nakano mailed the Notice to Claimants to Cantwell at two addresses.  ECF No. 19-7.  Limitation Plaintiff's corporate attorney found the two addresses online based on other information that Cantwell provided to Limitation Plaintiff when he made the scuba reservation.  *See* ECF No.

19-3 at ¶¶ 2, 5–6.  The Notices to Claimants sent to Cantwell were returned

undelivered.  ECF No. 19-7.

DISCUSSION

I.    Entry of Default

A.    Publication of the Notice to Claimants

Under Rule F(5) of the Federal Rules of Civil Procedure, Supplemental

Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions:

> Claims shall be filed and served on or before the date specified in the
> notice provided for in subdivision (4) of this rule . . . If a claimant
> desires to contest either the right to exoneration from or the right to
> limitation of liability the claimant shall file and serve an answer to the
> complaint unless the claim has included an answer.

Fed. R. Civ. P. F(5).  Rule F(4) requires that limitation plaintiffs publish "notice to

all persons asserting claims with respect to which the complaint seeks limitation,

admonishing them to file their respective claims with the clerk of the court and to

serve on the attorneys for the plaintiff a copy thereof on or before a date to be

named in the notice."  Fed. R. Civ. P. F(4).  The rule requires that the notice be

published in a "newspaper as the court may direct once a week for four successive

weeks prior to the date fixed for the filing of claims."  *Id.*

The Court finds that Limitation Plaintiff satisfied the publication

requirements of Rule F(4).  Limitation Plaintiff published the Notice to Claimants

6

in the Honolulu Star-Advertiser for four consecutive weeks on November 9,

November 16, November 23, and November 30, 2022.

     B.    Mailing of the Notice to Claimants

    Rule F(4) also requires the limitation plaintiff to mail the notice to

claimants:

> The plaintiff not later than the day of second publication shall also
> mail a copy of the notice to every person known to have made any
> claim against the vessel or the plaintiff arising out of the voyage or
> trip on which the claims sought to be limited arose.  In cases involving
> death a copy of such notice shall be mailed to the decedent at the
> decedent's last known address, and also to any person who shall be
> known to have made any claim on account of such death.

*Id.*  The Court finds that Limitation Plaintiff satisfied the foregoing mailing

requirements.

     1.    Persons Known to Have Made a Claim

    Limitation Plaintiff has made a satisfactory showing of its attempt to mail

the Notice to Claimants to JM Bullock.  On April 1, 2022, Limitation Plaintiff

received the letter from Mr. Branscome.  Mr. Branscome indicated that he

represented JM Bullock as to any claims arising out of Bullock's death and

directed all future correspondence to Mr. Branscome's law firm.  On November

14, 2022, Limitation Plaintiff timely mailed the Notice to Claimants to Mr.

Branscome.

On November 17, 2022, Mr. Branscome's law firm informed Limitation Plaintiff's counsel that the office received the Notice to Claimants but no longer represents JM Bullock. There is nothing in the record indicating that Limitation Plaintiff had previous knowledge that JM Bullock had terminated his attorney-client relationship with Mr. Branscome. Limitation Plaintiff also made a good faith effort to mail the Notice to Claimants to JM Bullock through the OPGI Firm, though ultimately the OPGI Firm did not represent JM Bullock.

The Court notes that JM Bullock was not on the Vessel with Bullock and Cantwell or part of the reservation that Cantwell made with Limitation Plaintiff. Thus, Limitation Plaintiff did not have contact information for JM Bullock other than that provided by Mr. Branscome, who had instructed Limitation Plaintiff to direct all correspondence to him. Based on the foregoing, the Court finds that Limitation Plaintiff took sufficient steps to mail the Notice to Claimants to JM Bullock for purposes of Rule F(4).

Limitation Plaintiff also tried to mail the Notice to Claimants to Cantwell. Although Cantwell did not submit his address in making the scuba reservation, Limitation Plaintiff made a good faith effort to find Cantwell's address. In any case, based on the information provided by Limitation Plaintiff, Cantwell has not contacted Limitation Plaintiff or Mr. Nakano. The Court thus finds that Cantwell is not a "person known to have made a claim against" the Vessel or Limitation

Plaintiff for purposes of Rule F(4). Limitation Plaintiff was thus not required to mail a copy of the Notice to Claimants to Cantwell.

        2.     Decedent

Rule F(4) requires the limitation plaintiff to mail a copy of the notice to the decedent's last known address. Cantwell made the scuba reservation online with Limitation Plaintiff and, in doing so, did not provide an address for Bullock. Other than the representation letter from Mr. Branscome, Limitation Plaintiff thus has no last known address for Bullock. The Court finds that Limitation Plaintiff has satisfied its notice obligations as to Bullock under Rule F(4).

No other parties have contacted Limitation Plaintiff or its counsel and expressed an interest, desire, or intent to file a claim and answer. Based on these facts, Limitation Plaintiff asks the Court to enter default against all potential claimants who have not responded. An entry of default is appropriate "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a). Limitation Plaintiff satisfied its notice obligations under Rule F(4), and the deadline to file a claim and answer has passed. The Court thus grants Limitation Plaintiff's request for entry of default against all claimants who have not filed a claim and answer.

II.    Default Judgment

As to Limitation Plaintiff's request for default judgment, "[i]f a plaintiff-in-limitation satisfies the procedural requirements under the Federal Rules of Civil Procedure, the Local Rules, and 'the notice requirements of Supplemental Admiralty Rule F,' courts have discretion to grant default judgment against claimants who do not answer." *In re Nova Grp., Inc.*, No. 20-CV-1202-MMA (AHG), 2020 WL 8675905, at *2 (S.D. Cal. Nov. 5, 2020) (citations omitted). Fed. R. Civ. P. 55(b)(2) provides that a court may enter default judgment following the Clerk's entry of default pursuant to Fed. R. Civ. P. 55(a).  In determining whether default judgment is warranted, the Court evaluates the following factors:

> (1) the possibility of prejudice to the plaintiff, (2) the merits of plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action, (5) the possibility of a dispute concerning material facts, (6) whether the default was due to excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decision on the merits.

*Eitel v. McCool*, 782 F.2d 1470, 1471-72 (9th Cir. 1986) (citation omitted).  On default, "the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true." *TeleVideo Sys., Inc. v. Heidenthal*, 826 F.2d 915, 917-18 (9th Cir. 1987) (quoting *Geddes v. United Fin. Group*, 559 F.2d 557, 560 (9th Cir. 1977)).  The Court has carefully considered Limitation Plaintiff's submissions, and adopts the arguments and authorities relied upon therein.

The Court finds that the first six factors weigh in favor of default judgment. Limitation Plaintiff would suffer prejudice if default judgment is not entered because a decision on the merits is impracticable, and Limitation Plaintiff would be without recourse for recovery. Although Limitation Plaintiff is not asserting a substantive claim, it is seeking exoneration from or limitation of liability from claimants who have not appeared in this case, and thus the merits and sufficiency of the Complaint weigh in favor of default judgment. Because the Complaint involves claimants who have not appeared, there is no money at stake and dispute of material facts are not an issue. Further nothing in the record suggests that any claimant's default was the result of excusable neglect. Only the last factor, policy favoring decision on the merits, does not weigh in favor of default judgment. This factor, however, does not preclude the finding that default judgment is appropriate in this case. Accordingly, the Court finds that under the totality of these factors, six out of seven *Eitel* factors weigh in favor of default judgment.

## CONCLUSION

The Court FINDS that the required notice has been given and the time for filing a claim and/or answer has expired. The Court thus RECOMMENDS that the district court enter default and default judgment against any and all claimants that have not filed claim and answer.

IT IS SO FOUND AND RECOMMENDED.

DATED:  Honolulu, Hawaii, April 13, 2023.



Kenneth J. Mansfield
United States Magistrate Judge

*In the Matter of the Complaint of Kona Honu Divers, Inc.*, Civil No. 22-00431 JAO-KJM;
Findings and Recommendation to Grant Limitation Plaintiff's Motion for Entry of Default and
Default Judgment Against All Claimants Who Have Not File a Claim and Answer